**BROCK & GONZALES, LLP**
6701 CENTER DRIVE WEST, STE. 610
LOS ANGELES, CA 90045
Tel: (310) 294-9595
Fax: (310) 961-3673
D. AARON BROCK, STATE BAR NO. 241919
AB@BROCKGONZALES.COM
DOUGLAS B. HAYES, STATE BAR NO. 232709
DH@BROCKGONZALES.COM
KENDALL R. WEAVER, STATE BAR NO. 354202
KW@BROCKGONZALES.COM

**Attorneys for Plaintiff**
ANTHONY STEVENS

B&G BROCK& GONZALES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY STEVENS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 8:25−cv−02397−DOC (JDEx)<br>Complaint: September 19, 2025<br>Removal: October 22, 2025<br><br>PLAINTIFF'S **FIRST AMENDED** COMPLAINT FOR DAMAGES:<br><br>**(1) DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA;**<br><br>**(2) FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA;**<br><br>**(3) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA;**<br><br>**(4) FAILURE TO PREVENT IN VIOLATION OF THE FEHA; and**<br><br>**(5) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff, ANTHONY STEVENS, hereby brings his **First Amended** employment complaint, demanding a trial by jury, against the above-named Defendants and states and alleges as follows:

**THE PARTIES**

1. Plaintiff, ANTHONY STEVENS, is an individual and citizen of the State of California

2. Plaintiff is informed and believes, and based thereon alleges, that Defendant WALMART INC. is a Delaware corporation, doing business in the State of California, County of Orange at 2595 West Imperial Highway, Brea, California 92835. At the time the causes of action arose, Defendant WALMART INC. and/or DOES 1 through 50 were Plaintiff's employer(s) and/or joint employer (s).

3. The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 50 are unknown to Plaintiff who therefore sues these defendants under said fictitious names. Plaintiff is informed and believes that each of the defendants named as a Doe defendant is legally responsible in some manner for the events referred to in this Complaint, is either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or otherwise, for the injuries and damages described below to this Plaintiff. Plaintiff will in the future seek leave of this court to show the true names and capacities of these Doe defendants when it has been ascertained.

4. Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

5. Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or Defendants shall refer to all Defendants, and each of them.

**THE ALLEGATIONS**

6. Plaintiff, age 50, worked for Defendant for nearly 20 years, from on or about June 26, 2006, until Defendant wrongfully terminated his employment on or about April 26, 2024.

7. At approximately age 15, Plaintiff was diagnosed with the disability ataxia, a permanent neurological disorder that impairs muscle coordination, balance, and motor skills. As a result, Plaintiff relies on a wheelchair for mobility and experiences uncontrollable tremors and shaking, especially during moments of stress or physical exertion.

8. During his long tenure with Defendant, Plaintiff served in various roles and, at all times, performed his duties competently and with dedication. At the time of his termination, Plaintiff was working as an associate on the Asset Protection team. He had no history of discipline, tardiness, or poor performance, and was widely regarded as a reliable and loyal employee.

9. One of Plaintiff's job duties included verifying customer receipts at the exit of the store, a responsibility he had carried out for years without incident.

10. On April 23, 2024, while performing his assigned duty, Plaintiff asked a customer to show a receipt. The customer refused and attempted to flee the store, aggressively pushing past Plaintiff and nearly knocking him out of his wheelchair. In an effort to steady himself and avoid injury, Plaintiff instinctively grabbed the customer's shopping cart. Due to his ataxia-related tremors and inability to release his grip, Plaintiff was unintentionally dragged a considerable distance and out of the store. The customer was ultimately apprehended and arrested for shoplifting.

11. Incredibly, rather than recognizing this incident as the result of Plaintiff's disability and reflexive attempt to protect himself from physical harm, Defendant terminated his employment three days later, citing a violation of its "AP 09" policy. This policy governs how asset protection associates are to interact with suspected shoplifters and prohibits following or physically engaging with suspects outside the store. However, Plaintiff did not intentionally pursue or attempt to detain the suspect — he was literally pulled from the store, while in his wheelchair, against his will, while trying not to be injured, in a moment that would not have occurred but for his disability.

12. Defendant's decision to classify this involuntary incident as a "policy violation" and terminate an otherwise exemplary employee after nearly two decades of service is not only absurd — it is unlawful.

13. **Prior to disciplining Plaintiff for this alleged policy violation, Defendant was aware that Plaintiff suffered from a disability. Defendant was also aware (or should have been aware) that his disability-related limitations may have contributed to or caused Plaintiff's alleged "misconduct" during the shoplifting incident. Upon learning this, Defendant had a duty to pause and engage in the interactive process to determine whether an accommodation was needed.**

14. **Specifically, for example, Defendant had an obligation to modify its policy of imposing discipline on employees who "violate" its "AP-09" policy where that "violation" is related to or caused by the employee's disability, as in Plaintiff's case. Instead of exploring potential reasonable accommodations, or whether Plaintiff's disability caused the alleged policy violation however, Defendant simply terminated Plaintiff.**

15. **Defendant's rigid enforcement of its "AP-09" policy ignored the reality that Plaintiff's reaction to the shoplifting event was influenced by his disability and the chaotic, external circumstances beyond his control. A reasonable accommodation – such as modifying or waiving the policy under these limited circumstances – could have enabled Plaintiff to continue performing the essential functions of his position safely and effectively, as he had been doing for years.**

16. Plaintiff is informed and believes, and thereon alleges, that Defendant failed to engage in any meaningful interactive process, failed to accommodate his known disabilities, and wrongfully terminated him because of his disability.

## <u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>

17. On September 18, 2025, Plaintiff filed charges with California Civil Rights Department. The Department closed Plaintiff's case in order to allow Plaintiff to pursue his civil remedies under the Fair Employment Housing Act ("FEHA") and issued Plaintiff a right to sue letter the same day. This Complaint is timely filed pursuant to that letter.

**FIRST CAUSE OF ACTION**

**DISABILITY DISCRIMINATION (DISPARATE TREATMENT AND/OR DISPARATE IMPACT) IN VIOLATION OF THE FEHA**

**(Against ALL Defendants)**

18. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through **17** of this Complaint.

19. At all times herein mentioned, the FEHA was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons.

20. The FEHA requires Defendants to refrain from discriminating against any employee on the basis of perceived and/or actual disability.

21. The FEHA also prohibits disparate impact discrimination, which occurs when an employer has an otherwise neutral employment practice that has a disproportionate adverse effect on disabled employees. In this case, Defendant Wal-Mart has a "pathway test" that employees must pass. Defendant Wal-Mart informed Plaintiff's mother that Plaintiff could not pass the test. If true and was the reason for termination then Defendant's policy of requiring employees to pass such a test would have a disproportionate adverse effect on disabled employees, like Plaintiff.

22. Defendants engaged in unlawful employment practices in violation of the FEHA.

23. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

24. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon

alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

25. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

26. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendant. In addition, Defendant had in place policies and procedures that specifically prohibited discrimination based on a disability and required Defendant's managers, officers, and agents to prevent disability discrimination. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

**SECOND CAUSE OF ACTION**

**FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA**

**(Against ALL Defendants)**

27. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through **26** of this Complaint.

28. At all times herein mentioned, the FEHA was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons. The FEHA imposes upon employers certain affirmative duties when confronted with an employee who has a disability.

29. Defendants failed to fulfill their affirmative duty to reasonably accommodate Plaintiff. Defendants' actions were in direct contravention of the FEHA.



B&G BROCK & GONZALES

30. Plaintiff alleges that with reasonable accommodations he could have fully performed all duties and functions of his job in an adequate, satisfactory and/or outstanding manner.

31. As a direct and legal result of Defendants' discriminatory actions herein referenced, Plaintiff has suffered and continues to suffer general and special damages including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, all to his damage in an amount according to proof.

32. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

33. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendant. In addition, Defendant had in place policies and procedures to accommodate the disability of its employees. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

**THIRD CAUSE OF ACTION**

**FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA**

**(Against ALL Defendants)**

34. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through **33** of this Complaint.

35. The FEHA makes it unlawful for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any.

36. Defendants failed to engage in a timely, good faith, interactive process with Plaintiff to accommodate his known disabilities in violation of the FEHA.

37. As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

38. As a direct and legal result of Defendants' discriminatory actions herein referenced, Plaintiff has suffered and continues to suffer general and special damages including but not limited to substantial losses in earnings, other employment benefits and emotional distress, all to his damage in an amount according to proof.

39. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

40. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendants had in place policies and procedures that specifically required it to engage in the interactive process to accommodate the disabilities of its employees. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PREVENT IN VIOLATION OF THE FEHA**

**(Against ALL Defendants)**

41. Plaintiff realleges and incorporates herein paragraphs 1 through **40**, inclusive, of this Complaint as though fully set forth.

42. At all times mentioned herein, California Government Code Sections 12940, et seq., including but not limited to Sections 12940 (j) and (k), were in full force and effect and were binding upon Defendants and each of them. These sections impose on an employer a duty to take immediate and appropriate corrective action to end discrimination and retaliation and take all reasonable steps necessary to prevent discrimination and retaliation from occurring, among other things.

43. Defendants failed to take immediate and appropriate corrective action to investigate complaints of discrimination and retaliation. Defendants also failed to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

44. In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination and retaliation, in failing and/or refusing to take and or all reasonable steps necessary to prevent discrimination and retaliation from occurring, Defendants violated California Government Code § 12940 (j) and (k), causing Plaintiff to suffer damages as set forth above.

45. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

46. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and



B&G BROCK & GONZALES

believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

47. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

48. Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to prevent discrimination and harassment against and upon their employees. Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant consciously chose not to follow said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

**FIFTH CAUSE OF ACTION**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**(Against ALL Defendants)**

49. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through **48** of this Complaint.

50. At all times mentioned, the public policy of the state of California, as codified, expressed and mandated in California Government Code § 12940 et seq., is to prohibit employers from discriminating, harassing and retaliating against any individual on the basis of perceived and/or physical disability and/or for engaging in a protected activity. This public policy of the state of California is designed to protect all employees and to promote the welfare and wellbeing of the community at large.

51. Accordingly, the actions of Defendants, as described herein, were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in California and the laws and regulations promulgated thereunder.

52. As a proximate result of the aforesaid act of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

53. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

54. Defendants had in place policies and procedures that specifically required Defendants' managers, officers, and agents to prevent the termination of its employees based on California public policy. Plaintiff relied on the fact that Defendants would follow these known policies, yet Defendants consciously chose not to follow said policies. Therefore, Defendants' conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. For general damages in an amount within the jurisdictional limits of this Court;
2. For special damages according to proof;





B&G BROCK & GONZALES

3. For attorneys' fees, according to proof;

4. For punitive and exemplary damages, according to proof;

5. For declaratory relief, pursuant to Harris v. City of Santa Monica (2013);

6. For injunctive relief, pursuant to Harris v. City of Santa Monica (2013);

7. For prejudgment interest, according to proof;

8. For costs of suit incurred herein; and

9. For such other relief and the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: October 28, 2025 BROCK & GONZALES, LLP

By: */s/ Douglas B. Hayes*

D. AARON BROCK
DOUGLAS B. HAYES
KENDALL R. WEAVER
Attorneys for Plaintiff